**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | **17 Civ.  7615 (CS)** |
| | : | |
| **Plaintiff,** | : | **ECF CASE** |
| | : | |
| - against - | : | |
| | : | |
| **MICHAEL SCRONIC,** | : | |
| | : | |
| **Defendant.** | : | |

------------------------------------------------------------------------x

### FINAL JUDGMENT AS TO DEFENDANT MICHAEL SCRONIC

The Securities and Exchange Commission, having filed a Complaint, and Defendant

Michael Scronic ("Defendant"), having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

      (a)      to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant's or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

2

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1), 206(2) and 206(4) of the Investment Advisers  Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), (4)], and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by, while acting as an investment adviser, using any means or instrumentalities of interstate commerce, or any means or instruments of transportation or communication in interstate commerce, or by he mails or any facility of any national securities exchange:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective clients;

(b)     to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c)     to engage in acts practices, or courses of business which are fraudulent, deceptive or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for disgorgement of $17,481,276, representing his ill-gotten gains as a result of the conduct

alleged in the Complaint, together with prejudgment interest.  However, Defendant's obligation

to pay disgorgement and prejudgment interest shall be deemed satisfied upon entry of this Final

Judgment by the restitution and/or forfeiture orders entered against him in *United States v.*

*Scronic*, 18 Cr. 43 (CS) (S.D.N.Y.) (DE 48) of $22,026,427.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the

allegations in the Complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

4

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


Dated: ___February 11___, 20__19__

<br>

_____

UNITED STATES DISTRICT JUDGE

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,     :       17 Civ.  7615 (CS)
                                              :
                        **Plaintiff,**        :       **ECF CASE**
                                              :
               **- against -**              :
                                              :
**MICHAEL SCRONIC,**                           :
                                              :
                         **Defendant.**        :
------------------------------------------------------------------------x

### CONSENT OF DEFENDANT MICHAEL SCRONIC

1.        Defendant Michael Scronic ("Defendant") acknowledges having been served with the service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.        Specifically, in *United States v. Scronic*, No. 18 Cr. 43 (CS) (S.D.N.Y.) ("*United States v. Scronic*"), Defendant pleaded guilty to one count of securities fraud pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 78ff; 17 C.F.R. § 240.10b-5], one count of wire fraud [18 U.S.C. § 1343], and one count of mail fraud [18 U.S.C. § 1341].  In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in *United States v. Scronic*.

3.        Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)        permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the

1

Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 (the "Advisers

Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2), 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. §

275.206(4)-8]; and

(b)      orders that while Defendant is liable to pay disgorgement of $17,481,276,

representing his ill-gotten gains, together with prejudgment interest, such obligation to pay

disgorgement and prejudgment interest shall be deemed satisfied by the restitution and/or

forfeiture orders entered in the criminal action against him, *United States v. Scronic* (DE 48),

of $22,026,427.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground,

if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

hereby waives any objection based thereon.

8.     Defendant waives service of the Final Judgment and agrees that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of double jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understand that he shall not be permitted to contest the factual allegations of

the complaint in this action.

10.     Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant acknowledges his guilty plea for related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action.  For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

      12.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

      13.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/19/18

_____
Michael Scronic

On _December 19_, 2018, _Michael Scronic_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

    **Sworn to and subscribed
before me this
_19_ day of _Dec_, 20 _18_**

_____
Notary Public
Commission expires:

    **T. BRADLEY VOGT
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 8/14/2023**

# EXHIBIT A

180315scronicP              Plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                          18 Cr. 43 CS

5   MICHAEL SCRONIC,

6               Defendant.

7   ------------------------------x
                                      United States Courthouse
8                                     White Plains, N.Y.
                                      March 15, 2018
9                                     3:30 p.m.

10

11  Before:

12                  THE HONORABLE CATHY SEIBEL,

                                          District Judge
13

14                      APPEARANCES

15
    GEOFFREY S. BERMAN
16       United States Attorney for the
         Southern District of New York
17  JAMES McMAHON and DANIEL LOSS
         Assistant United States Attorneys
18
    FEDERAL DEFENDERS OF NEW YORK – WHITE PLAINS
19       Attorney for Defendant Michael Scronic
    SUSANNE BRODY
20

21  ALSO PRESENT: KEVIN GONYO, FBI Special Agent

22

23

24

25

180315scronicP                Plea

1              (In open court; case called)

2         THE DEPUTY CLERK:  Beginning with the government, will

3    all counsel please note your appearances for the record.

4         MR. McMAHON:  Good afternoon, your Honor.  James

5    McMahon and Daniel Loss, assistant United States attorneys for

6    the United States, and we are joined at counsel table by FBI

7    Special Agent Kevin Gonyo, our case agent.

8         THE COURT:  Good afternoon to you all.

9         MS. BRODY:  Susanne Brody with Michael Scronic.  Good

10   afternoon, Judge.

11        THE COURT:  Good afternoon, Ms. Brody and Mr. Scronic.

12   Everyone can have a seat.

13        Am I correct, Ms. Brody, that your client is prepared

14   to enter a plea?

15        MS. BRODY:  Yes, your Honor.  At this time, my client

16   is prepared to withdraw his plea of not guilty and enter a plea

17   of guilty pursuant to the plea agreement that we have just

18   signed, Judge.

19        THE COURT:  He's going to plead to Count One?

20        MS. BRODY:  Yes, Judge.

21        THE COURT:  Let me ask Ms. Lee to place Mr. Scronic

22   under oath.

23        THE DEPUTY CLERK:  Mr. Scronic, please raise and raise

24   your right hand.

25             (Defendant sworn)

180315scronicP          Plea

1    investors, account statements that the defendant sent to his

2    investors and brokerage, and bank account records.

3            THE COURT:  Thank you, Mr. McMahon.

4            Can you tell me, Mr. Scronic --

5            THE DEFENDANT:  Yes, your Honor.

6            THE COURT:  Can you tell me, Mr. Scronic, in your own

7    words what you did that makes you guilty.

8            THE DEFENDANT:  Yes, your Honor, I can.  From

9    April 2010 through October 2017, I managed an investment

10   portfolio.  At a point in time, I called the fund the Scronic

11   Macro Fund, I was the fund's investment advisor and its sole

12   trading authority over the fund.

13           I represented to my investors that the money would be

14   invested in options.  I further represented that I would take a

15   small percentage for investing their funds and a small

16   percentage of the profits generated by the fund.

17           Despite the fact that the fund continually lost money,

18   I fraudulently represented to my investors that the fund was

19   making money and that they were generating profits.  I failed

20   to tell them the true status of their investments.

21           I knew this was a crime, and I knew this was illegal.

22   This was done from my home in Westchester County.

23           THE COURT:  Thank you.

24           Did you communicate false information to your

25   investors by e-mail?

180315scronicP             Plea

1           THE DEFENDANT:  Yes.

2           THE COURT:  And did you receive money that was

3    invested under false pretenses by interstate wire transfer?

4           THE DEFENDANT:  Yes, your Honor.

5           THE COURT:  And when you were involved in this scheme,

6    did you know that it was wrong and illegal?

7           THE DEFENDANT:  Yes, your Honor.

8           THE COURT:  Did anybody threaten you or force you or

9    coerce you to do it?

10           THE DEFENDANT:  No.  No, your Honor.

11           THE COURT:  And do you admit to the forfeiture

12    allegations as they relate to Count One?

13           THE DEFENDANT:  Yes, your Honor, I do.

14           THE COURT:  And do you agree to forfeit to the United

15    States $22,026,427, plus your interest in a condominium in

16    Stratton, Vermont, and a parcel of land in Pawling, New York,

17    according to the plea agreement?

18           THE DEFENDANT:  Yes, your Honor, I do.

19           THE COURT:  Does anybody think I should ask

20    Mr. Scronic any further questions?

21           MR. McMAHON:  No, your Honor.  I think that's an

22    adequate factual basis.

23           MS. BRODY:  I think we're good, Judge.

24           THE COURT:  Mr. Scronic, let me ask you formally.  How

25    do you plead to the charge in Count One of Indictment 18 Cr. 43